UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER EGNER,<br><br>Defendant. | CASE NO. C08-1078JLR<br><br>ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT |

Before the court are two motions: the government's motion for partial summary judgment (Dkt. # 55) and Defendant's motion for summary judgment (Dkt. # 56). Having considered the submissions of the parties, the balance of the record, the relevant law, and having deemed oral argument unnecessary, the court DENIES the motions (Dkt. ## 55, 56). This matter will proceed to trial before the court on or about February 22, 2011.

ORDER- 1

## I. BACKGROUND & ANALYSIS

The court denies the parties' motions for summary judgment because there are genuine disputes of material facts as to the claims against Mr. Egner. *See* Fed. R. Civ. P. 56(a);[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles,* 477 F.3d 652, 658 (9th Cir. 2007). The government bears a heavy burden in denaturalization actions. The government must prove its case for denaturalization by "clear, unequivocal and convincing evidence," which must not leave the "issue in doubt." *Fedorenko v. United States*, 449 U.S. 490, 505-06 (1981).

On July 15, 2008, the government filed a four-count complaint against Defendant Peter Egner seeking to revoke his United States citizenship. (Compl. (Dkt. # 1).) The complaint alleges that Mr. Egner: (1) procured his citizenship by concealment of a material fact or by willful misrepresentation when he omitted his service to the *Einsatzgruppe* of Security Police on his application for naturalization in violation of 8 U.S.C. § 1451(a) ("Concealment or Misrepresentation"); (2) illegally procured his citizenship by stating in his application that he possessed good moral character, despite his service to the Security Police, in violation of 8 U.S.C. § 1451(a) ("Lack of Good Moral Character"); (3) illegally procured his citizenship by giving false testimony, *i.e.*, that he was a sergeant in the German Army's infantry, to obtain his citizenship in

---

[1] Rule 56 has been amended, effective December 1, 2010. The substantive standard for summary judgment remains unchanged, however. *See* Fed. R. Civ. P. 56 advisory committee's note. Nevertheless, as this motion was filed before the amendment went into effect, the prior version of the rule governs the court's analysis.

1  violation of 8 U.S.C. § 1451(a) ("False Testimony"); and (4) illegally procured his
2  citizenship because his service to the Security Police demonstrates that he was not
3  attached to the principles of the Constitution in violation of 8 U.S.C. § 1451(a) ("Lack of
4  Attachment to Constitutional Principles").  (Compl. ¶¶ 13-24.)  On July 8, 2010, the
5  government voluntarily dismissed the Lack of Attachment claim against Mr. Egner.
6  (Stip. (Dkt. # 43).)
7         The government now moves for summary judgment on the False Testimony claim
8  arguing that there is no dispute that Mr. Egner gave false testimony to the naturalization
9  examiner in connection with his naturalization application.  (Gov't Mot. at 2.)  Mr. Egner
10 moves for summary judgment on all claims against him because the government has no
11 wartime documentation that Mr. Egner knowingly participated in persecutory conduct
12 while serving the Security Police and therefore cannot meet the heavy burden for
13 denaturalization cases.  (Def. Mot. at 1-2.)
14         Mr. Egner was born in February 1922 in Crvenka-Kula, Yugoslavia, of ethnically
15 German parents.  (Immigration File (Dkt. # 52) at Ex. 1 ("A-File").)  On February 3,
16 1960, Mr. Egner applied for a visa to enter the United States.  (*Id.* at 0013a-0016a.)  In
17 his application, Mr. Egner attached a document titled "Certificate of Discharge" stating
18 that Mr. Egner had served in the German air force and was discharged on July 23, 1945.
19 (*Id.* at 0020a.)  This was not true.  (Gibbs Decl. (Dkt. # 57) Ex. 5 ("Egner Dep.") at 150.)
20 Mr. Egner served in the German Security Police beginning in the spring of 1941, when
21 Germany invaded Yugoslavia, and ending in May 1945 with the surrender of the German
22

1  Army.  (Gibbs Decl., Ex. 4 ("Resp. to Interrog.") at 4-5.)  On February 17, 1960, Mr.

2  Egner was issued a visa to enter the United States.  (A-File at 0012a.)

3  In December 1965, Mr. Egner submitted an application to file a petition for

4  naturalization as a United States citizen.  (*Id.* at 0004a-0007a.)  In his petition, Mr. Egner

5  listed his foreign military service from 1941-1945 as "German Army."  (*Id.* at 0005a.)

6  Mr. Egner does not deny that he wrote this answer in blue ink in his application.  (Egner

7  Dep. 163-164.)  Next to his answer of "German Army", however, someone wrote in red

8  ink "Sgt. Infantry"; "never member of Nazi party"; and "involuntary Hitler Youth only."

9  (A-File at 0005a.)  The government contends that the red-inked answers were written

10 down by the examiner, James R. Smith, designated by the Immigration and

11 Naturalization Service ("INS") to interview Mr. Egner on December 2, 1965.  (Gov't

12 Mot. at 15-16.)  Mr. Egner does not have a specific recollection of being interviewed in

13 December 1965.  (Egner Dep. at 164.)  He testified that the red ink was not his

14 handwriting and that he never said he was a sergeant in the infantry.  (*Id.* at 163-64.)

15 Accordingly, there is a genuine dispute as to whether Mr. Egner gave false testimony to

16 obtain his citizenship.  This dispute precludes summary judgment in favor of either party

17 on claim three of the complaint.

18 Mr. Egner's motion for summary judgment on claims one (Concealment or

19 Misrepresentation) and two (Lack of Good Moral Character) is based on the

20 government's failure to come forth with evidence establishing its case clearly,

21 convincingly, and unequivocally.  (Def. Reply (Dkt. # 65) at 1.)  As to claim one, Mr.

22 Egner argues that the government cannot carry its burden of proving materiality with

respect to his failure to identify his service in the Security Police during 1941-45. As to claim two, Mr. Egner contends that his service in the Security Police during this period does not preclude a finding of good moral character during the relevant time period, which is 1960-65. While the court recognizes that the United States Supreme Court set a high burden for the government to meet in denaturalization actions, the court is satisfied that the government has come forward with sufficient evidence to survive summary judgment. *See Fedorenko*, 449 U.S. at 505-06. For example, the undisputed record before the court establishes that Mr. Egner volunteered to join the Security Police (Resp. to Interrog. at 4); received two promotions to non-commissioned officer during his four-year service (*id.* at 7-8); assisted in transporting prisoners to Semlin, Avala, and Auschwitz (*id.* at 6); and failed to disclose his service to the INS during his naturalization proceedings. (*See generally* A-File.) This evidence, at a minimum, creates a genuine dispute for trial. Whether the government will ultimately prevail in meeting its heavy burden is not for this court to decide on summary judgment.

## II. CONCLUSION

For the reasons stated, the court DENIES the motions for summary judgment (Dkt. ## 55,56).

Dated this 7th day of January, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 5